UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZION ALEXANDER,

                Plaintiff,

        -against-

CITY OF NEW YORK; WARDEN OF
DEPARTMENT OF CORRECTIONS; OMH;
FORENSIC OPERATION DOCTOR/
SUPERVISOR,

                Defendants.

25-CV-1944 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated in the George R. Vierno Center on Rikers Island, brings this action, *pro se*, under 42 U.S.C. 1983, alleging that Defendants violated his rights. By order dated June 10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against the following Defendants: (1) the City Of New York; (2) the Warden; (3) the New York "OMH," which the Court understands to be the New York City Department of Health and Mental Hygiene ("DOHMH"); and (4) the "Forensic Operation Doctor/Supervisor." (ECF 1 at 1.) He alleges that, beginning in 2023, he has been exposed to

"squalid" housing conditions and violence from other detainees and correction officers, and denied recreation, adequate food and water, medical care, and mental health treatment for suicidal ideation. (*Id.* at 9, 11, 15, 19, 22-23.) Additionally, Plaintiff claims that his pretrial detention is unlawful, and he asks that the Court construe his complaint as a petition for *habeas corpus* relief and order his release. (*Id.* at 9, 11, 19.)

Plaintiff currently has two pending complaints in this court alleging that he has been denied medical and mental health care at Rikers Island during the same time period, and this complaint appears to contain claims that overlap with those already being litigated in those cases. *See Zion v. City of New York*, No. 25-CV-284 (RA) (JW) (S.D.N.Y. filed Jan. 13, 2025) (alleging denial of mental health treatment at Rikers against the City of New York, medical staff (two John Doe psychiatrists, Dr. Mitra, and Nurse Practitioner Garcia) and Officers Dejesus, Adam, Jackson, and Thompson); *Zion v. City of New York,* No. 24-CV-8084 (AS) (S.D.N.Y. filed Oct. 21, 2024) (alleging denial of medical care at Rikers against the City of New York; Dr. R. L. Williams; Officers Reynolds and Kouanda; Physical Affiliate Group of New York, P.C).

## DISCUSSION

**A.    The named defendants**

1.    City of New York and DOHMH

When a plaintiff sues a municipality or a municipal agency[2] under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in

---

[2] The DOHMH is a municipal agency that can be sued. *See* N.Y. City Charter, Ch. 22, § 564 ("The department may sue and be sued in and by the proper name of 'Department of Health and Mental Hygiene of the City of New York."); *Rivera v. Bloomberg*, Nos. 11-CV-629, 11-CV-4325 (PGG), 2012 WL 3655830, at *11 (S.D.N.Y. Aug. 27, 2012) (holding that DOHMH is a suable entity).

3

some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Here, Plaintiff sues the City of New York and DOHMH, but he does not allege facts suggesting that a municipal policy, custom, or practice caused a violation of his constitutional rights.

4

2.    The Warden and the "Forensic Operation Doctor/Supervisor"

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the Warden and the "Forensic Operation Doctor/Supervisor" were personally involved in violating his constitutional rights.

**B.    Conditions-of-confinement claims**

A pretrial detainee's claim for deliberate indifference to unconstitutional conditions of confinement arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). To state such a claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to his health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *Id.*

5

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. A correction official's negligence is not a proper basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).

Plaintiff's complaint does not provide sufficient detail to state a plausible conditions-of-confinement claim. He alleges generally that he was denied adequate food, water, and recreation, and exposed to violence, but his allegations do not state a claim against the named Defendants, and it is unclear how any employee was personally involved in violating his rights.[3]

---

[3] For example, to determine whether a prisoner has been denied exercise in violation of the Constitution, courts consider: "(1) the duration of the deprivation; (2) the extent of the deprivation; (3) the availability of other out-of-cell activities; (4) the opportunity for in-cell exercise; and (5) the justification for the deprivation." *Williams v. Goord*, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001). "Sporadic infringement of the right to exercise does not rise to the level of a constitutional deprivation." *Patterson v. Ponte*, No. 16-CV-3156 (PAE) (JCF), 2017 WL 1194489, at *5 (S.D.N.Y. Mar. 30, 2017). Instead, "a plaintiff must show that he was denied all meaningful exercise for a substantial period of time." *Williams*, 142 F. Supp. 2d at 425. Plaintiff must provide similar facts regarding the duration and extent of any constitutional violations he seeks to assert.

### C.    Denial of medical care and mental health treatment

Plaintiffs generally have no right to maintain multiple actions "involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) (internal quotation marks omitted). District courts thus have discretion to dismiss a later-filed action that is duplicative of proceedings already before it. *Id.*; *see also Humphrey v. Ct. Clerk ex rel. U.S. Sup. Ct.*, No. 5:11-CV-0938, 2012 WL 264603, at *3 (N.D.N.Y. Jan. 30, 2012) (holding that "dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint . . . pursuant to 28 U.S.C. § 1915(e)").

Here, Plaintiff alleges that he has been denied adequate medical care and mental health treatment during his custody at Rikers. Plaintiff already has two pending matters that appear to assert similar claims. *See Zion v. City of New York*, No. 25-CV-284 (RA) (JW) (S.D.N.Y. filed Jan. 13, 2025) (alleging denial of mental health treatment); *Zion v. City of New York,* No. 24-CV-8084 (AS) (S.D.N.Y. filed Oct. 21, 2024) (alleging denial of medical care). If Plaintiff files an amended complaint, he should only allege claims about medical and mental health care that raises different claims than those asserted in the two cases already pending in this court.

### D.    Habeas corpus relief

Plaintiff seeks release from custody. A *habea*s corpus petition under 28 U.S.C. § 2241 is the appropriate vehicle for a pretrial detainee to seek release from custody. *See, e.g., Clemente v. Conn.*, No. 3:21-CV-0408, 2022 WL 527757, at *1 (D. Conn. Jan. 27, 2022). Although Section 2241 does not contain a statutory exhaustion requirement, the statute has been interpreted as requiring a petitioner to exhaust available state court remedies prior to seeking any relief thereunder in federal court. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292,

294 (2d Cir. 1976) ("[D]ecisional law has superimposed [an exhaustion] requirement in order to accommodate principles of federalism."). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by requesting release from custody in a civil action. *Preiser*, 411 U.S. at 489-90. Because Plaintiff alleges no facts suggesting that he exhausted his available state court remedies, the Court declines to construe his submission as a petition under Section 2241. Should Plaintiff wish to seek release from his present custody, he may file a petition for a writ of *habeas corpus* once he has exhausted all state-court remedies.[4]

### E.    State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

---

[4] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *Id.* at 53-54; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). "[B]ad faith or harassment" exists when the party bringing the state court action has "'no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Incorp. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" was "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state criminal matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022)), r*eport and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023); *DeMartino v. New York State Dep't of Lab.*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith"). The Court can therefore intervene in ongoing state-court proceedings only if Plaintiff alleges faith, harassment, or irreparable injury.

8

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

9

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-1944 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    November 25, 2025
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes    □ No

(check one)

___ Civ. _____ (     )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's      Name_____

                 ID#_____

                 Current Institution_____

                 Address_____

                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1      Name _____ Shield #_____

                     Where Currently Employed _____

                     Address _____

                     _____

*Rev. 01/2010*                                1

Defendant No. 2        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant No. 4        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

**What happened to you?**

_____

_____

_____

*Rev. 01/2010*                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?

_____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

    1.      Which claim(s) in this complaint did you grieve?

    _____

    _____

    2.      What was the result, if any?

    _____

    _____

    3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

    _____

    _____

    _____

    _____

F.      If you did not file a grievance:

    1.      If there are any reasons why you did not file a grievance, state them here:

    _____

    _____

    _____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Rev. 01/2010*                                5

_____

_____

_____

**VI.   Previous lawsuits:**

<div style="float:left">**On these claims**</div>

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ـــــ   No ـــــ

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county)  _____

3.   Docket or Index number  _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit  _____

6.   Is the case still pending?  Yes ـــــ  No ـــــ

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="float:left">**On other claims**</div>

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ـــــ   No ـــــ

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county)  _____

3.   Docket or Index number  _____

4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit  _____

_Rev. 01/2010_                6

6.     Is the case still pending?  Yes _____  No _____

       If NO, give the approximate date of disposition_____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

       _____

       _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Inmate Number             _____

Institution Address       _____

                          _____

                          _____

                          _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

*Rev. 01/2010*